David Brian Lally, Esq., Bar No. 145872
Law Office of David Brian Lally
26895 Aliso Creek Rd., #B663
Aliso Viejo, CA 92656
Telephone 949-500-7409
Facsimile 949-861-9250
E-mail: Davidlallylaw@gmail.com

Attorney for Plaintiff and Respondent
Allen Eley

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In Re:<br><br>ALLEN BRANDON ELEY,<br><br>Debtor.<br><br>ALLEN BRANDON ELEY<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4, A DELAWARE STATUTORY TRUST,<br><br>Defendant. | ) CASE NO.:   6:11-bk-47448-MH<br>) ADV. NO:    6:16-ap-01086-MH<br>) CHAPTER:    7<br>)<br>)<br>) DECLARATION OF DAVID B. LALLY,<br>) ESQ., IN SUPPORT OF OPPOSITION TO<br>) MOTION FOR SUMMARY JUDGMENT<br>)<br>)<br>)<br>) Date:  February 8, 2017<br>) Time:  2:00 p.m.<br>) Ctrm:  303<br>)<br>)<br>)<br>) |

1.  I am an attorney licensed to practice law in the State of California and before this Court. I have personal knowledge of the following, and if called upon to testify to the following, I could and would competently testify thereto. I am the attorney of record for Plaintiff. I have reviewed my file, the documents provided to me by Plaintiff and Defendant, the Debtor's Schedules, Plaintiff's Discovery Requests, the Discovery Stipulation and Defendant's responses to the Discovery, as well as the Court's dockets for these cases. I have also reviewed all of the correspondence to and from myself and Defendant's attorney. All entries in my records were made at or near the time of the event, and I am the one in control of my file.

1

2. Plaintiff was a student, and borrowed funds from Defendant in approximately June 2007. I am informed that Plaintiff has not made a payment on this debt for more than four years. During discovery in this case, I specifically asked for proof of any payments made, and Defendant has refused to respond. I asked Defendant's Counsel for proof of any payments made, and during discovery Defendant provided no evidence of any payment made, or an attempt to collect a debt within the statute of limitations Defendant allegedly made no attempts whatsoever to collect on the loans for more than four years pre-petition, and Defendant's discovery responses confirm this.

3. Plaintiff filed his Chapter 7 Petition on December 13, 2011, and filed his original Adversary Complaint on March 30, 2016. Thereafter, Plaintiff filed a First Amended Complaint ("Complaint") on July 5, 2016, and on September 28, 2016, Defendant filed an Answer to the Complaint. The Debtor received his Discharge on March 26, 2012. On January 23, 2015, nearly three years after the debt was discharged, and with no previous attempts to collect, Defendant filed a Superior Court Complaint against Defendant for breach of contract for this alleged debt.

4. On October 6, 2016, on behalf of Plaintiff I personally served on Defendant a RFP and Interrogatories, a true and correct copy of which are attached as <u>Exhibits "1" and "2"</u> and incorporated by reference. Defendant provided responses, however they are and were inadequate. A true and correct copy of the Responses to the RFP and a First Set of Interrogatories are attached as <u>Exhibits "3" and "4"</u> and incorporated by reference. In addition, in responding, Defendant improperly relied upon its previously-served Initial Disclosures, which were not attached or organized, a true and correct copy of which is attached as <u>Exhibit "5"</u> and incorporated by reference.

5. The few documents that Defendant included in the Responses to the RFP are not responsive to any Request, and have nothing to do with any of the Requests in the RFP. Those documents address Plaintiff's current venture into self-employment, and have nothing to do with the issues related to the statute of limitations. Indeed, the documents attached to Defendant's Responses are 100% irrelevant, and as set forth below in Defendant's attorney's emails to me, Defendant refuses to acknowledge this. Defendant has not even suggested that it would

2

supplement the Responses.

6. Plaintiff maintains the statute of limitations has now expired, as set forth in the First Amended Complaint, a true and correct copy of which is attached as <u>Exhibit</u> 6 and incorporated by reference. Thus, Plaintiff maintains that Defendant does not have an enforceable debt. Plaintiff's Complaint and discovery requests directly address this issue, however, Defendant's Responses do not. Defendant had alleged in its responses that Plaintiff made a payment on the loans in 2012. On December 14, 2016, via email I specifically asked Defendant to provide proof of this alleged payment. <u>No response was received</u>. On January 11, 2017, I again asked Defendant's Counsel for proof of this alleged payment. On January 11, 2017, Defendant's Counsel responded by saying it provided all of the documents in its possession. A true and correct copy of the emails is attached as <u>Exhibit "7"</u> and incorporated by reference. In short, Defendant says a payment was made but refuses to provide the evidence of such payment, despite my request for the proof.

7. In response to Defendant's deficient discovery responses, on December 23, 2016, I sent Defendant's Counsel a very lengthy email detailing the deficiencies with each and every response in Defendant's Responses to RFP and Interrogatories. A true and correct copy of my email is attached as <u>Exhibit "8"</u> and incorporated by reference. <u>No response was received</u>. Thus, on January 11, 2017, I sent a follow-up email to Defendant's Counsel. On January 11, 2016, Defendant responded by saying, generically and generally, that it's Responses are complete, with no explanation whatsoever. Defendant did not respond, point by point, to the detailed statements in my lengthy email of December 23, 2016. As such, Defendant refuses to respond, substantively, to my detailed email explaining the deficiencies in Defendant's Responses to the Interrogatories and the RFP. I followed up the emails with a telephone call to Defendant's Counsel, and left a voice message; there was no return call.

8. Since Defendant refused to respond to my December 23, 2016, email or to provide any supplemental discovery responses, Plaintiff was forced to proceed with the required discovery stipulation. In a series of emails, beginning on January 11, 2017, I sent Defendant and

3

its Counsel the draft of the required joint Discovery Stipulation. A true and correct copy of the emails is attached as <u>Exhibits "9"</u> and incorporated by reference. On January 12, 2017, Defendant began another series of emails regarding the discovery, a true and correct copy of which emails is attached as <u>Exhibits "10"</u> and incorporated by reference. In these emails, Defendant (1) focuses on its filed Motion for Summary Judgment; and (2) states documents were not in his client possession. Indeed, in one email on January 12, 2017, Defendant boldly states "I consider your purported discovery issue resolved." However, Defendant does not have the right to make that decision unilaterally. In short, I never received any cooperation or feedback from Defendant and its Counsel for the required Discovery Stipulation.

        9.     To further the <u>bullying tactics</u> of Defendant and its Counsel, Counsel states "Again, you are being purposefully obtuse and trying to overcomplicate a student loan case in an effort fabricate a discovery issue where none exists—your ultimate goal can only be to multiply the proceedings for billing purposes. The documents read very easily and relate directly to the most recent student loan payments. The utter frivolity and lack of veracity in your clients' current claim has not deterred you or him thus far . . . file your frivolous motion." In short, despite my detailed emails explaining the deficiencies in Defendants discovery responses, Defendant and its Counsel do not even acknowledge there are any deficiencies, all the while refusing to respond substantively to my detailed emails. Rather than dealing with the issues, Defendant and its Counsel would prefer to sling mud, call names as if in elementary school, and try to deflect me from the true issues.

        10.    Within hours after my December 23, 2016, email, Defendant filed its Motion For Summary Judgment. In light of the discovery dispute, I requested Defendant to continue the hearing on the Summary Judgment Motion, and Defendant FAILED TO RESPOND TO THAT REQUEST. So, it begs the question, when Defendant refuses to comply with discovery and refuses to continue its hearing on the Summary Judgment Motion (filed AFTER I informed Defendant of the discovery issues), who is the one needlessly increasing attorney's fees in this case? Defendants Counsel's unprofessional bullying antics, and attempted intimidation, should

not be allowed or condoned by this Court.

11. Yet, after the above email, and after Defendant alleged no further documents were available, Defendant's Counsel then stated in an email to me that his client found more documents and would send them. It makes one wonder <u>what else has not been disclosed and produced</u>. I have received these latest documents, again they are in no organized fashion whatsoever, and do not explain which documents relate to which Request in the RFP. A true and correct copy of these most recent documents is attached as <u>Exhibit "11"</u> and incorporated by reference. The documents are attached here exactly as they were emailed to me; there is no formal pleading as a "Response to Request For Production of Documents", just a bunch of documents put together in no organized manner. Again, there is no explanation of what document supposedly pertains to which Request in the RFP. In my view, Defendants Counsel's emails confirm Defendant and its Counsel's unwillingness to cooperate, comply with the discovery rules, provide the requested documents, or organize them in any way.

12. In another series of emails, beginning on January 12, 2017, Defendant and its Counsel boldly argue there is no discovery dispute. Rather than focusing on the Discovery Stipulation which I sent the day before, Counsel seeks to argue the merits of the Complaint and its Summary Judgment Motion. Counsel again refers to payments purportedly made buy fails to provide or reference any such documents or evidence. A true and correct copy of these emails is attached as <u>Exhibit "12"</u> and incorporated by reference. Interesting, nowhere in his email does he even mention the Discovery Stipulation I sent the previous day. It simply confirms the complete lack of cooperation.

13. Defendant's attorney's emails confirm his unwillingness to cooperate; indeed he refused to provide any input into the required Discovery Stipulation, and has never supplemented the Discovery Responses. As noted above, one of his emails to me arrogantly states "I consider your purported discovery issue resolved."

14. Plaintiff's discovery requests go to the heart of the allegations in the Complaint and the allegations in Defendant's Answer. Defendant's disorganized Responses to the RFP do

not explain, whatsoever, which document purportedly responds to which Request in the RFP. Again, it is not Plaintiff's job to organize Defendant's documents. But for Defendant and its Counsel's obstructive conduct, this Motion would have been unnecessary.

15. A simple review of Plaintiff's RFP show that the Requests relate to the material allegations in the Complaint. Plaintiff is entitled to know what documents Defendant has and will use at trial. The documents produced have nothing to do with the Requests.

16. Moreover, Plaintiff's Interrogatories likewise go to the heart of the allegations in the Complaint, and to the responses in Defendant's Answer. Yet, the Responses to the Interrogatories are grossly deficient for the following reasons. First, they are not responsive to the Requests. Second, the Responses refer to documents, despite the fact that each Interrogatory seeks <u>facts</u> supporting the denials in the Answer to various allegations in the Complaint. My meet and confer email dated December 23, 2016, addresses each Response, one by one, to each Interrogatory. Again, <u>Defendant never responded to my December 23, 2016 email</u>. And, for example, Response to Interrogatory #4 says "See response to Interrogatory #13 above. See Documents NCSLT 000001 - NCSLT 000078 produced previously." Most of the Responses are the exact same. There are several problems. First, this was in response to Interrogatory #4, so how can Defendant say "See Response to Interrogatory #13 above." There is no such Interrogatory 13 above. Next, rather than providing a substantive response, Defendant forces Plaintiff to look at the documents that were previously produced, and fails to explain how and which documents are responsive to this particular Interrogatory.

17. Rule 37(a)(5) provides that the Court "must" require Defendant and its Counsel to pay Defendant's reasonable attorney's fees and costs. Those fees and costs, related solely to this discovery dispute, comprise the following:

```
12/14   Email to Counsel regarding a payment made                                        .10
12/21   Review & analysis of Plaintiff's Discovery Requests and Defendant's Responses.  1.10
12/23   Preparation of long email to Defendant about the deficient Discovery Responses.  .90
12/27   Review & analysis of Defendant's Motion For Summary Judgment and supporting
        Declarations and documents.                                                     2.20
12/31   Commenced preparation of Opposition to Motion For Summary Judgment.             1.60
1/11    Follow up email to Defendant's Counsel, and request he continue the hearing on
        the MSJ. Review of response to email. Preparation of follow up email.            .20
```

| | | |
|---|---|---|
| 1/11 | Preparation of the Discovery Stipulation, including a required, detailed review and analysis of the emails with Counsel, the Discovery Requests and Responses. | 1.60 |
| 1/11 | Email to Counsel with the Discovery Stipulation | .10 |
| 1/12 | Review of numerous emails from Counsel, and preparation of responses. Review of additional documents received from Counsel. | .40 |
| 1/13-15 | Preparation of the Motion to Compel Discovery Responses, including a review of the Request For Production of Documents, the Responses, the Interrogatories, the Responses, all of the emails to and from Defendant's Counsel. | 3.40 |
| 1/15 | Scan, file and process Discovery Stipulation, and Motion to Compel and Declaration of David B. Lally, Esq. | .60 |
| 1/15 | Copying costs for Discovery Stipulation, and Motion to Compel and Declaration of David B. Lally, Esq. | $163.80 |
| | | <u>8.30.</u> |

**ANTICIPATED FEES**

| | |
|---|---|
| Review & analysis of Opposition to Motion to Compel. | 1.25 |
| Preparation of Reply to Opposition. | 2.25 |
| Preparation for, and Court appearance, at the hearing on the Motion to Compel on 2/8/2017. | <u>3.25</u> |
| | 15.05 |

15.05 hours X $300/hour totals $4,515
+
$163.80 in costs
$4,678.80 TOTAL FOR THE DISCOVERY DISPUTE

The attached Exhibits begin with Page Number 20.  So, there are no page numbers 8-19 to this Declaration.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  This Declaration was executed on January 17, 2017, at Aliso Viejo, California.


_____
David Brian Lally, Esq.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26895 Aliso Creek Rd., #B663, Aliso Viejo, CA 92656

A true and correct copy of the foregoing document entitled (specify): DECLARATION OF DAVID B. LALLY, ESQ., IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 1/18/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

* Plaintiff's Attorney David B. Lally, Esq., Davidlallylaw@gmail.com
* Defendant's Attorney Damian P. Richard, Esq., drichard@sessions-law.biz, acoito@sessions.legal
* Steven M. Speier (TR) lmorvant@glassratner.com, sms@trustesolutions.net
* United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 1/18/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

* The Honorable Mark Houle, U.S. Bankruptcy Judge, Courtroom 303, 3420 Twelfth St., Riverside, CA 92501

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/18/2017 | David B. Lally, Esq. | _[signature]_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                              F 9013-3.1.PROOF.SERVICE