Damian P. Richard, Esq. (SBN 262805)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS FISHMAN NATHAN & ISRAEL, LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Tel: 619/758-1891
drichard@sessions.legal
dkirkpatrick@sessions.legal
Attorneys for Defendant
*National Collegiate Student Loan Trust 2007-4*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| IN RE:<br><br>ALLEN BRANDON ELEY,<br><br>Debtor.<br><br>ALLEN BRANDON ELEY,<br><br>Plaintiff,<br><br>Vs.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4, a Delaware Statutory Trust,<br><br>Defendant. | Case No.    11-BK-47448-MH<br>AP No.    16-AP-01086-MH<br>CHAPTER:    7<br><br>SUPPLEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>Continued Hearing<br>Date: April 26, 2017<br>Time: 2:00 p.m.<br>Courtroom: 303 |

Defendant National Collegiate Student Loan Trust 2007-4 ("Defendant") respectfully submits this supplement to its memorandum of points and authorities in support of Defendant's Motion for Summary Judgment.

## I. Introduction

Plaintiff has conflated two distinct concepts: 1) a defense he could raise to Defendant's attempt to judicially enforce his student loan repayment obligation (*i.e.*, the statute of limitations); and 2) the grounds upon which he could obtain a determination from this Court that his student loan is discharged. What Plaintiff has attempted to do—and for which there is simply no authority in the Bankruptcy Code—is use the statute of limitations defense as a basis to obtain a discharge of his presumptively nondischargeable student loans.

Defendant is entitled to summary judgment because:

(1) Plaintiff's student loan, funded by a nonprofit institution, is nondischargeable under 11 U.S.C. § 523(a)(8)(A)(i);

(2) the only avenue available to Plaintiff to obtain a discharge of his presumptively nondischargeable student loan is to show undue hardship; and

(3) Plaintiff cannot show undue hardship.

Additionally, Plaintiff has offered no authority for the proposition that a student loan becomes dischargeable once the right to judicially enforce repayment has lapsed.

Finally, as a matter of undisputed fact, the statute of limitations to file a lawsuit to collect Plaintiff's student loan had not run at the time Defendant filed its state court complaint against him, an action which remains pending.

## II. Argument

### 1. Plaintiff's Student Loan Is Presumptively Nondischargeable

Plaintiff's student loan, funded by the nonprofit institution The Educational Resources Institute, Inc. ("TERI")[1], is nondischargeable under 11 U.S.C. § 523(a)(8) which provides:

---

[1] Declaration of Defendant, Dkt. 10-5, ¶ 5.

> A discharge under section 727 . . . does not discharge an individual debtor from any debt— . . . (8) unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents, for— (A)(i) an educational benefit overpayment or loan . . . made under any program funded in whole or in part by a . . . nonprofit institution . . . .

### 2. Discharge Requires A Showing Of Undue Hardship

To be eligible for a discharge of student loans, a debtor must prove undue hardship. *In re Nys*, 446 F.3d 938, 945 (9th Cir. 2006). The legislative intent of the undue hardship requirement is instructive and shows why Plaintiff's novel approach to seeking a discharge of his student loan has no support in the law.

The statute was prompted by a "high incidence of students filing for bankruptcy after finishing their education." *Id.* at 944 (9th Cir. 2006) citing *Brunner v. N.Y. State Higher Educ. Serve. Corp (In re Brunner)*, 46 B.R. 752, 753-55 (S.D.N.Y. 1985). This phenomenon

> "contravened the general policy that 'a loan . . . that enables a person to earn substantially greater income over his working life should not as a matter of policy be dischargeable before he has demonstrated that for any reason he is unable to earn sufficient income to maintain himself and his dependents and to repay the educational debt.'"

*Id.*, quoting Report of the Comm'n on the Bankr. Laws of the United States, H.R. Doc. No. 93-137, at 140 n. 15 (1973).

The purpose of the statute is to avoid allowing a debtor to benefit from a "loan-funded education to substantially increase her income" only to discharge the repayment obligation, unless "undue hardship" is shown. *Id.* "The existence of the adjective 'undue' indicates that Congress viewed garden-variety hardship as [an] insufficient excuse for a discharge of student loans." *In re Pena*, 155 F.3d 1108 (9th Cir. 1998), quoting *In re Brunner*, 46 B.R. at 753.

Despite the fact that Congress articulated only the undue hardship exception to the nondischargeability of student loans, as set forth in 11 U.S.C. §

523(a)(8)(A)(i), and irrespective of the policy considerations underpinning the exception, Plaintiff seeks a discharge without showing he is anything other than a "garden variety" debtor. There is simply no authority for obtaining a discharge without meeting the "undue hardship" hurdle of Section 523(a)(8)(A)(i). Moreover, allowing a debtor to obtain a discharge of his student loan through means other than a showing of undue hardship would not serve the public policy objectives of the statute.

### 3.   **Plaintiff Cannot Show Undue Hardship**

As set forth in Defendant's Reply Memorandum, and Memorandum of Points and Authorities in Support of Motion for Summary Judgment, Plaintiff has made no effort to show undue hardship. Memo of Points and Authorities, Dkt. 10-1, pp. 6-7. Based on the evidence in the record, he cannot make such a showing under the three-part *Brunner* test the Ninth Circuit has adopted. *Id.*

### 4.   **The Statute of Limitations Defense Is Not A Means Of Obtaining Discharge Of Student Loans**

Plaintiff's misapprehension of the means by which a debtor may obtain a discharge of his student loans is apparent in Plaintiff's contention that Congress has given him the right to "forc[e] Defendant to prove it has a claim against [him]." Plaintiff's Supplement, p. 2. On the contrary, the presumption that Plaintiff's student loans are nondischargeable is self-executing, and there is no requirement for Defendant to seek a determination of nondischargeability. *See, e.g., Tennessee Student Assistance Corp. v. Hood,* 541 U.S. 440, 450 (2004); *In re Gustafson,* 111 B.R. 282, 285 (9th Cir. BAP 1990).

The case cited by Plaintiff in support of his position, *Banks v. Gill Distribution Centers, Inc.*, 263 F.3d 862 (9th Cir. 2001) is inapposite. There are three key differences between that case and the present case:

(1) *Banks* involved a claim of nondischargeability under sections 523(a)(2), (a)(4), and/or (a)(6), on the basis of fraud, breach of fiduciary duty, and/or willful and malicious injury, whereas the present case involves nondischargeability under section 523(a)(8) on the basis the debt is a student loan; (2) *Banks* involved an adversary proceeding by the creditor to obtain a determination of nondischargeability, whereas in the present case the nondischargeability status of the debt is self-executing; and (3) Banks involved a consideration of the statute of limitations in the context of whether the creditor's time to assert a fraud cause of action for fraud, *the very basis for nondischargeability*, had run. In the present case there is no reason for the court to consider the statute of limitations because the creditor is not attempting to, and is not required to, establish the nondischargeability of the debt.

The statute of limitations was pertinent in *Banks* because the debtor argued the creditor had failed to timely assert a fraud cause of action in his breach of contract action against the debtor, and was therefore barred from obtaining a determination of nondischargeabilty based on fraud. *Banks*, 263 F.3d at 866. The portion of *Banks* quoted by Plaintiff – "there are two distinct issues to consider in the dischargeabilty analysis: first, the establishment of the debt itself, which is subject to the state statute of limitations," *Id.* at 868 – must be considered in this context. Namely, "the establishment of the debt" for purposes of obtaining a discharge under sections 523(a)(2), (a)(4), and/or (a)(6), depends on a timely filed lawsuit asserting the grounds for the debt.

In *Banks*, the lawsuit brought by the creditor was for breach of a settlement agreement. Without a lawsuit against the debtor, there would have been no means to "establish the debt" arising from breach of the agreement. By contrast, the Plaintiff's student loan in and of itself establishes a presumptively nondischargeable debt; a lawsuit is not required for that purpose. Plaintiff appears to be confusing an

action to judicially enforce repayment of the (already established) debt with an action to establish the debt.

The cases *In re McKendry*, 40 F.3d 331 (10th Cir. 1994) and *In re Gergely*, 110 F.3d 1448 (9th Cir. 1997), discussed by Plaintiff tangentially, are also inapposite because in each case the creditor had obtained a judgment which it sought to have deemed nondischargeable. Thus, the issue raised by Plaintiff here, as to whether the debt can be timely established, was not addressed in either of those cases. Rather, the question in both cases was whether the debts could be discharged on the basis of fraud, under section 523(a)(2), when a fraud claim had not been advanced in the underlying actions. Both courts held the state limitations period for fraud was irrelevant to the dischargeability determination. *In re McKendry*, 40 F.3d at 337; *In re Gergely*, 110 F.3d at 1454.

Lastly, *In re Menjivar*, 639 Fed.Appx. 482 (9th Cir. 2016), did not involve any effort to determine dischargeability of a debt but rather dismissal of the debtors' adversary complaint for failure to state a claim. The case is therefore inapplicable.

Finally, even if the Court were to consider that the limitations period to enforce repayment of the Plaintiff's student loan is relevant, it is undisputed that Defendant's collection action against Plaintiff was timely filed, pursuant to California Code of Civil Procedure § 337, within four years of his last payment.[2] Defendant produced evidence showing that Plaintiff last made a payment in August 2012.[3] Plaintiff has not refuted this evidence. As Plaintiff states, Defendant's

---

[2] The action, known as *National Collegiate Student Loan Trust 2007-4 v. Allen B. Eley*, Case No. RIC1500932, was consolidated with *National Collegiate Student Loan Trust 2007-3 v. Allen B. Eley*, Case No. RIC 1500928, is pending in the Superior Court of California, County of Riverside, and is currently stayed.

[3] Plaintiff's insistence that Defendant has not produced evidence of his last payment is perplexing. The documents in the record show Plaintiff's loan payment history. Declaration of Defendant, Dkt. 10-5, p. 73. Additionally, Defendant made a supplemental document production on January

collection action was filed against him on January 23, 2015. Amended Complaint, Dkt. 4, ¶ 14. Thus, notwithstanding the fact that the statute of limitation plays no role in the outcome of the present adversary proceeding, the facts are undisputed that the four-year limitations period had not run when Defendant's collection action was filed.

### III. Conclusion

Defendant respectfully requests that the Court grant summary judgment in favor of Defendant on Plaintiff's adversary complaint.

Date: 4/11/17                    SESSIONS FISHMAN NATHAN & ISRAEL, LLP

*/s/Damian P. Richard*
Damian P. Richard
Attorneys for Defendant
National Collegiate Student Loan Trust 2007-4

---

11, 2017, reflecting the August 2012 payment transaction including the bank account number and bank routing number associated with the payment. Dkt. 15-7, pp. 16-17.